**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| DAKOTA MURRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 1:26-cv-00011-SEP |
| | ) | |
| JACOB REEVES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the Court are self-represented Plaintiff Dakota Murray's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. [2]; two Motions for Appointment of Counsel, Docs. [3], [4]; a Motion to Amend the Complaint by Interlineation, Doc. [11], and several supplements to the Complaint.  *See* Docs. [5]-[10], [13], [17], [18].  For the reasons set forth below, the Court grants the Application, assesses an initial partial filing fee of $1.00, and requires Plaintiff to amend his Complaint on a Court-provided Prisoner Civil Rights Form in compliance with this Order.  *See* E.D.Mo. L.R. 2.06(A).

### THE COMPLAINT AND SUPPLEMENTAL DOCUMENTS

Plaintiff Dakota Murray, an inmate at Southeast Correctional Center (SECC) in Charleston, Missouri, brings this 42 U.S.C. § 1983 action against several correctional officers employed at SECC, alleging that on June 25, 2025, while in his cell, he was subjected to excessive force in violation of the Eighth Amendment.  Doc. [1] at 9-10.  Plaintiff also asserts that several correctional officers failed to protect him during the alleged assault.  *Id.* at 10-12.

Since submission of his initial Complaint, Plaintiff has submitted nine supplements.  *See* Docs. [5]-[10], [13], [17], [18].  Several contain additional claims against additional parties, Docs. [6], [7], [9], [10], [13], [17], [18], while one appears to be a hand-written summons, Doc. [5], and another appears to be an attempt to amend the Complaint's prayer for relief, Doc. [8].  Plaintiff seeks compensatory and punitive damages.  Doc. [1] at 19.

### 28 U.S.C. § 1915(B)(1)

A prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee.  28 U.S.C. § 1915(b)(1).  District courts "shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee" of 20%

of the greater of the average monthly deposits to the prisoner's account and the average monthly balance in the prisoner's account for the prior six-month period.  *Id.*  After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20% of the income credited to his account in the preceding month.  *Id.* § 1915(b)(2).  The agency with custody of the prisoner forwards the monthly payments to the Clerk of Court whenever the amount in the account exceeds $10 until the filing fee is fully paid.  *Id.*

Because Plaintiff has not submitted a certified inmate account statement, the Court will require him to pay an initial partial filing fee of $1.00.  *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997).  If Plaintiff is unable to pay the initial partial filing fee, he must submit a *certified* copy of his inmate account statement in support of his claim.

LEGAL STANDARD ON INITIAL REVIEW

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted.  To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 678.  "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  The Court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (court not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  A "liberal construction" means that, "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework."  *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).  But even pro se complaints must "allege facts, which if true, state a claim as a matter of law."  *Martin v. Aubuchon*, 623 F.2d

2

1282, 1286 (8th Cir. 1980); *see also Stone*, 364 F.3d at 914-15 (federal courts not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").  And "procedural rules in ordinary civil litigation" need not be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

## DISCUSSION

Because Plaintiff's allegations are spread out over numerous documents, Plaintiff will be required to amend his Complaint on a Court-provided Prisoner Civil Rights Form in a manner compliant with this Order.  *See* E.D.Mo. L.R. 2.06(A).  The Court does not accept supplements or amendments to pleadings by interlineation because it creates confusion in the record.  *See Popoalii v. Corr. Med. Servs.,* 512 F.3d 488, 497 (8th Cir. 2008) (it is appropriate to deny leave to amend a complaint when a proposed amendment was not submitted with the motion); *Clayton v. White Hall Sch. Dist.,* 778 F.2d 457, 460 (8th Cir. 1985) ("[I]n order to preserve the right to amend the complaint, a party must submit the proposed amendment along with its motion.").  Plaintiff's amended complaint on the Court-provided form should contain *all* claims in *one* document against every Defendant he wishes to sue.  Plaintiff should also include one statement in his amended complaint that clearly and concisely sets forth his request for relief.

An amended complaint will entirely replace the original, so Plaintiff must include every claim he wishes to pursue in the amended pleading.  *See, e.g.*, *In re Wireless Telephone Federal Cost recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005).  Any claims not included in an amended complaint will be deemed abandoned and will not be considered.  *Id*.  Allegations in an amended complaint may not be conclusory; Plaintiff must plead facts that show how each Defendant is personally involved in or directly responsible for any alleged harm.  The amended complaint should also state in what capacity—individual or official—Plaintiff sues each Defendant.

If Plaintiff fails to file an amended complaint that complies with the above instructions on a Court-provided form within 30 days, the Court will dismiss this action without prejudice and without further notice.

## MOTIONS FOR APPOINTMENT OF COUNSEL

Plaintiff filed two Motions for Appointment of Counsel.  Docs. [3] and [4].  The motions will be denied without prejudice.  An indigent litigant has "neither a constitutional nor a statutory

3

right to appointed counsel in civil cases." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citing *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006)).  A district court may appoint counsel in a civil case if it is "convinced that an indigent plaintiff has stated a non-frivolous claim and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Id.* (citation modified).  When determining whether to appoint counsel for an indigent litigant, a court considers such factors as "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Id*. (quoting *Phillips,* 437 F.3d at 794).

On review of the factors, the Court finds that appointment of counsel is not warranted at this time.  Plaintiff has yet to file a complaint that survives initial review.  There is no indication that Plaintiff is unable to present his claims, and neither the factual nor the legal issues in this case appear to be especially complex.  Because the Court recognizes that circumstances may change, his requests for counsel are denied without prejudice, meaning that the Court might reconsider appointing counsel if it becomes appropriate as the case progresses.

### MOTION FOR COPIES OF DOCUMENTS

On June 15, 2026, Plaintiff filed a motion requesting "a copy of all of the stuff/documents and evidence in the said case" and any "stuff in it" including "stamped filed copies."  Doc. [20] at 1.  Aside from the Memorandum and Order entered on April 15, 2026, Doc. [15], which required Plaintiff to submit a prison account statement, no filings have been entered in this action except for those sent to the Court by Plaintiff.  Accordingly, Plaintiff's Motion for Copies of Documents will be denied without prejudice.  The Court will instruct the Clerk to provide Plaintiff with a copy of the docket sheet.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees and Costs, Doc. [2], is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall pay an initial filing fee of $1.00 within **30 days** of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

4

**IT IS FURTHER ORDERED** that the Clerk shall provide Plaintiff with a copy of the Court-provided form for filing a Prisoner Civil Rights Complaint.

**IT IS FURTHER ORDERED** that **within 30 days of the date of this Memorandum and Order,** Plaintiff is required to file an amended complaint on a Prisoner Civil Rights Complaint form in accordance with this Court's instructions.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend his Complaint by Interlineation, Doc. [11], is **DENIED without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff's Motions for Appointment of Counsel, Docs. [3] and [4], are **DENIED without prejudice at this time**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Copies of Documents, Doc. [20], is **DENIED without prejudice.**

**IT IS FURTHER ORDERED** that the Clerk shall provide Plaintiff with a copy of the docket sheet in this matter.

**IT IS FINALLY ORDERED** that Plaintiff's failure to comply with this Order will result in a dismissal of this action without prejudice.

Dated this 10th day of August, 2026.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

5